**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shonrick Brame,<br><br>Plaintiff,<br><br>v.<br><br>Hubbard Auto Center of Scottsdale,<br><br>Defendant. | No. CV-25-03225-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Shonrick Brame's Motion for Fee Waiver Based on Indigenous Rights and the attached Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3, IFP App.). The Court denies Plaintiff's Motion for Fee Waiver Based on Indigenous Rights with leave to amend. The Court also dismisses Plaintiff's underlying Complaint (Doc. 1, Compl.) for lack of subject matter jurisdiction, also with leave to amend.

**I.    Legal Standard**

The Court may authorize a party to commence a civil action without prepaying court fees—to proceed *in forma pauperis* (IFP)—if the person submits an affidavit attesting to their poverty. 28 U.S.C. § 1915(a)(1). Although a plaintiff seeking IFP status need not be "absolutely destitute," he or she "must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn

1  IFP status." *Id.* at 1235. The determination is within the district court's discretion.
2  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*
3  *by* 506 U.S. 194 (1993).

4  For cases in which a party is permitted to proceed IFP, 28 U.S.C. § 1915(e)(2)
5  provides that a district court "shall dismiss the case at any time if the court determines" that
6  the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious";
7  "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a
8  defendant who is immune from such relief." The statute applies to all IFP proceedings. *Lopez*
9  *v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that Section 1915(e) not only
10 permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to
11 state a claim." *Id*. at 1127 (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

12 To be allowed to proceed on a complaint in federal court, as opposed to state court, a
13 plaintiff must establish the court's jurisdiction over his claims. A plaintiff may establish the
14 court's subject matter jurisdiction in one of two ways. First, the plaintiff may assert that the
15 defendants violated the Constitution, a federal law, or treaty of the United States, *i.e.*, the
16 court's "federal question" jurisdiction. *See* 28 U.S.C. § 1331. Alternatively, a plaintiff may
17 invoke the court's "diversity" jurisdiction, which applies "where the matter in controversy
18 exceeds the sum or value of $75,000, exclusive of interest and costs, and is
19 between . . . citizens of different States." *See* 28 U.S.C. § 1332(a)(1).

**II.   Analysis**

   **A. Plaintiff's IFP Application**

Plaintiff's IFP Application lacks any information regarding Plaintiff's assets or income, such that this Court cannot determine whether Plaintiff has the means to pay the Court's fees. Rather than apprising this Court of his financial situation, Plaintiff states that he is an indigenous person requesting a waiver of filing fees "under federally recognized Indigenous Rights and protections," referencing the United Nations Declaration on the Rights of Indigenous Peoples and U.S. Constitution's First, Fifth and Fourteenth Amendments. (IFP App. at 1–2.) Plaintiff then lists his heritage and genetic testing results.

(IFP App. at 3–5.) Whether Plaintiff is an indigenous person is irrelevant to IFP proceedings under 28 U.S.C. § 1915. The Court cannot grant Plaintiff's IFP Application on a complete lack of showing of Plaintiff's financial existence. The Court therefore denies Plaintiff's IFP Application with leave to amend.

Although the deficiencies in Plaintiff's IFP Application could theoretically be cured by an amendment providing additional information, the Court would then need to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court now turns to screen Plaintiff's Complaint, which is also insufficient.

### B. Plaintiff's Complaint

Plaintiff pleads only one federal law claim: "Count III – Civil Rights Violation (42 U.S.C. § 1983)." (Compl. ¶ 10.) Plaintiff's other claims include state law conversion of trust property, breach and dishonor of tendered instrument, and unjust enrichment. (Compl. ¶¶ 8, 9, 11.)

As relevant to federal question jurisdiction, Plaintiff must allege "that the defendant has acted under color of state law" when asserting a claim under 42 U.S.C. § 1983. *Chrisman v. Sisters of St. Jospeh of Peace*, 506 F.2d 308, 313 (9th Cir. 1974); *see also Martin v. Pacific Northwest Bell Telephone Co.*, 441 F.2d 1116, 1118 (9th Cir. 1971) ("The violation of such constitutional rights is actionable, under federal law, only when committed by one who is "clothed with the authority of the State and . . . purporting to act thereunder."); *id.* ("[T]he state must be involved not simply with some activity of the institution alleged to have inflicted injury upon a plaintiff but with the activity that caused the injury.") (citation and quotation marks omitted).

Here, Plaintiff raises a "civil rights violation" under 42 U.S.C. § 1983, alleging that "Defendant, acting under state license and authority, deprived Plaintiff of trust property without due process of law, violating rights secured under federal law." (Compl. ¶ 10.) The only connection Plaintiff draws between the named Defendant and the State of Arizona is that Defendant is "a licensed Arizona dealership doing business in Maricopa County, Arizona." (Compl. ¶ 2.) Such allegations, without more, do not create subject matter

1  jurisdiction in the context of a claim arising under 42 U.S.C. § 1983. *See Manhattan Cmty.*
2  *Access Corp. v. Halleck*, 587 U.S. 802, 814 ("[T]he fact that the government licenses,
3  contracts with, or grants a monopoly to a private entity does not convert the private entity
4  into a state actor—unless the private entity is performing a traditional, exclusive public
5  function."); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 176 (1972); *Chrisman*, 506 F.2d
6  at 312; *see generally Polk County v. Dodson*, 454 U.S. 312, 319 n.9 (1981).

The remaining claims in Plaintiff's Complaint appear to be state law claims. These broadly stated claims do not assert a federal question and create no subject matter jurisdiction for this Court. Plaintiff also alleges insufficient facts to give rise to diversity jurisdiction. For instance, Plaintiff does not allege that he and Defendant are citizens of different states. Because the Court lacks subject matter jurisdiction over each of Plaintiff's claims, his Complaint fails to state a claim upon which this Court, as opposed to a state court, could grant relief.

If a defective complaint can be cured, a plaintiff is entitled to amend the complaint before it is dismissed. *See Lopez*, 203 F.3d at 1127–30. The defects in Plaintiff's Complaint and IFP Application may be amenable to a curative amendment, so the Court dismisses both with leave to amend.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Fee Waiver Based on Indigenous Rights and the attached Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) and dismissing Plaintiff's Complaint (Doc. 1), both with leave to amend. Plaintiff may, within fourteen days of the date of this Order, file an amended version of his Complaint and, if he desires to proceed IFP, an amended IFP application. If Plaintiff fails to file an amended complaint ***and*** file an amended IFP application ***or*** pay the Court's filing fee within fourteen days of the date of this Order, the Clerk of Court shall dismiss this matter without further notice.

Dated this 10th day of September, 2025.

Honorable John J. Tuchi
United States District Judge