UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**SHONRICK BRAME TRUST**,
by and through Trustee, Shonrick Brame,
  Plaintiff,

v.

**HUBBARD AUTO CENTER OF SCOTTSDALE**,
  Defendant.

Case No.: **CV-25-03225-PHX-JJT**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**


**I. GOVERNING LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings, not the merits of the claims. The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this stage, the Court may not resolve factual disputes or weigh evidence. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**II. NATURE OF ACTION – COMMERCIAL LAW**

This action arises from a commercial transaction involving trust property and is governed by principles of commercial law relating to tender, performance, refusal, and dishonor. See A.R.S. §§ 47-3603 (tender of payment), 47-3502 (dishonor). Plaintiff proceeds solely in the capacity of Trustee and asserts no individual claims.

**III. DEFENDANT'S ARGUMENT IS BASED ON ASSUMPTIONS NOT PLEADED**

Defendant's Reply attacks theories and narratives not alleged in the Amended Complaint. Dismissal under Rule 12(b)(6) must be based on the pleadings themselves, not on conjecture or extraneous assumptions. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

**IV. TENDER, REFUSAL, AND COMMERCIAL DISHONOR ARE FACT QUESTIONS**

The Amended Complaint alleges that tender was made, that tender was refused, and that

refusal constituted commercial dishonor. Whether tender was sufficient or effective is a merits question that cannot be resolved on a motion to dismiss. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

## V. TRUSTEE CAPACITY AND SEPARATION

A trustee acts in a representative capacity on behalf of the trust and is distinct from the trust estate itself. Defendant's attempt to conflate the Trustee with the Trust is contrary to settled trust law. See *Restatement (Second) of Trusts* §§ 2, 284.

## VI. PERFECTED SECURITY INTEREST ARISING FROM DISHONOR

Upon refusal of tender and resulting dishonor, the Trust's security interest attached and became enforceable by operation of law. See A.R.S. §§ 47-9203 (attachment and enforceability of security interest), 47-9310 (perfection). The existence of a perfected security interest precludes dismissal without adjudication on the merits.

## VII. DISMISSAL WOULD IMPROPERLY IMPAIR SECURED TRUST RIGHTS

Dismissal at this stage would impair a perfected security interest without due process and prior to adjudication of the underlying commercial facts, contrary to fundamental principles of law. See *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

## VIII. CONCLUSION

Defendant's Motion should be denied. Plaintiff has stated plausible commercial claims grounded in statute and controlling precedent and is entitled to adjudication on the merits.

Respectfully submitted this 23 day of December 2025.

/s/ **Shonrick Brame**
Shonrick Brame, Trustee
SHONRICK BRAME TRUST
Plaintiff, Pro Se


## CERTIFICATE OF SERVICE

I hereby certify that on the date stated above, I caused the foregoing document to be served upon all parties through the Court's CM/ECF electronic filing system, which constitutes service under Federal Rule of Civil Procedure 5(b).

/s/ **Shonrick Brame**
Shonrick Brame, Trustee