Darrell E. Davis
Heather Stanton
CLARK HILL
14850 N. Scottsdale Road, Suite 500
Scottsdale, AZ 85254
Telephone:  (480) 684-1100
Facsimile:  (480) 684-1199
ddavis@clarkhill.com
hstanton@clarkhill.com

*Attorneys for Defendant Hubbard Auto Center of Scottsdale*

THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Shonrick Brame Trust, by and through Trustee, Shonrick Brame,<br><br>   Plaintiff,<br><br>vs.<br><br>Hubbard Auto Center of Scottsdale,<br><br>   Defendant. | Case No. CV-25-03225-PHX-JJT<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE DOCUMENTS 31 AND 33** |

Neither Plaintiff's Statement of Clarification to the Court (Doc. 31) nor Plaintiff's Response to Defendant's Reply in Support of Motion to Dismiss (Doc. 33) are authorized by statute, rule, or court order, and Plaintiff did not seek leave of court to file them. LRCiv 7.2(m)(1). "[S]ur-replies [and surresponses] are highly disfavored and permitted only in extraordinary circumstances." *Finley v. Maricopa Cnty. Sheriff's Office*, 2016 WL 777700, at *1 n.1 (D. Ariz. Feb. 29, 2016), *aff'd sub nom. Finley v. Fax*, 683 Fed. Appx. 630 (9th Cir. 2017). Plaintiff has not demonstrated that such extraordinary circumstances exist. In fact, no valid reason for such additional briefing exists.

Plaintiff's Statement of Clarification to the Court (Doc. 31) purports to clarify "Plaintiff's legal capacity and the commercial nature of the transaction at issue" by attaching an alleged contract between Plaintiff and Defendant Hubbard Auto Center of Scottsdale. (Doc. 31 at 1). Plaintiff had multiple opportunities to put this information properly before the Court and where Hubbard could have addressed it. Plaintiff could

have attached these images to his Amended Complaint or to his Response to Hubbard's Motion to Dismiss. Instead, Plaintiff improperly included this in a separate, unauthorized filing. A party's failure to seek leave of court is sufficient to justify striking a surresponse. *See, e.g.*, *Peoples v. Honeywell Int'l, Inc.*, 2021 WL 2685593, at *3 (D. Ariz. June 30, 2021) (granting motion to strike surresponse). No extraordinary circumstances justify Plaintiff getting a third chance to present these images.

Furthermore, Plaintiff claims that his Response to Defendant's Reply in Support of Motion to Dismiss (Doc. 33) was necessary to address new arguments raised in Hubbard's reply. However, Plaintiff's surreply largely reiterates arguments made in his response brief, and it does not identify or respond to any new arguments purportedly made in the reply. Courts have long recognized the distinction between a reply brief that introduces new issues or new evidence, and a reply brief that makes a responsive argument to points raised in the response, which does not justify a surreply. *ML Liquidating Tr. v. Mayer Hoffman McCann P.C.*, 2011 WL 10451619, at *1 (D. Ariz. Mar. 11, 2011). Plaintiff's surreply is neither appropriate nor helpful. Rather, it is likely an improper "strategic effort by the nonmoving party to have the last word on a matter." *Briggs v. Montgomery*, 2019 WL 13039282, at *2 (D. Ariz. Mar. 19, 2019) (denying leave to file surreply).

Hubbard respectfully requests that Documents 31 and 33 be stricken and that Plaintiff's requests be denied.

Dated this 6th day of January, 2026

**CLARK HILL PLC**

By: */s/ Heather Stanton*
　　Darrell Davis
　　Heather Stanton
　　*Attorneys for Hubbard Auto Center of Scottsdale*

2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 6, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of a Notice of Service of Electronic Filing to all individuals registered with CM/ECF.


                         */s/ Robin McLean*

3