**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Shonrick Brame,

　　　　　Plaintiff,

v.

Hubbard Auto Center of Scottsdale,

　　　　　Defendant.

No. CV-25-03225-PHX-JJT

**ORDER**

At issue is Defendant Hubbard Auto Center of Scottsdale's Motion to Dismiss Amended Complaint (Doc. 28) and Motion to Strike Documents 31 and 33 (Doc. 34). These motions have each been fully briefed.

## I.    BACKGROUND

At the heart of this case is a "Bill of Exchange." Plaintiff alleges that he and Defendant executed a "Retail Order for Motor Vehicle" and he provided a "Bill of Exchange (IBOE-1002) in the amount of $310,595.00, backed by registered bond RF-822, to Defendant for the purpose of settlement and discharge of account" regarding the vehicle. (FAC ¶¶ 1–2.) Defendant "refused and dishonored" the Bill of Exchange and did not deliver the vehicle to Plaintiff. (FAC ¶¶ 3, 6.) Plaintiff then sent Defendant several notices by certified mail that, according to him, preserved his rights under Arizona state law and the Uniform Commercial Code ("UCC"). (FAC ¶ 4.) Defendant ignored those notices (FAC ¶ 5) and later sold the vehicle to someone else (FAC ¶ 6).

. . .

Plaintiff, as trustee of the Shonrick Brame Trust and proceeding *pro se*,[1] sued on behalf of the Trust for breach of contract, conversion of trust property, dishonor of lawful tender, and unjust enrichment. Defendant now moves to dismiss Plaintiff's claims. (Doc. 28, Mot.). Plaintiff responded in opposition (Doc. 30, Resp.), and Defendant replied (Doc. 32, Reply). Plaintiff additionally filed two sur-replies that contain the purported Retail Order (Doc. 31, Sur-Reply I) and additional argument in response to Defendant's reply brief (Doc. 33, Sur-Reply II). Defendant moves to strike these two sur-replies, arguing that those filings are not authorized by statute, rule, or court order. (Doc. 34.) Defendant's motion is well-taken, and the Court agrees that the sur-replies are improper. Nonetheless, the Court will consider those sur-replies to address the full contours of Plaintiff's opposition to dismissal.

## II.   LEGAL STANDARD

Defendant originally moved to dismiss Plaintif's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the first time in reply, Defendant argues that this Court lacks subject-matter jurisdiction, providing a separate basis for dismissal under Rule 12(b)(1). (*See* Reply at 1–3.) While Plaintiff had the opportunity to address these new arguments in his second Sur-Reply (even if it was improperly filed), he did not. Still, the Court need not address this new argument because sufficient grounds for dismissal exist under Rule 12(b)(6).

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in

---

[1] The Court briefly notes that *pro se* litigants cannot represent others, such as a trust entity. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006). Because Defendant did not object to Plaintiff's *pro se* representation of the Trust, and because the motions before the Court have been fully briefed, the Court will proceed to evaluate those motions.

the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.    ANALYSIS

Plaintiff's claims arise from one key assertion: that Defendant rejected his lawful payment for the vehicle. Defendant generally argues that Plaintiff's allegation that the Bill of Exchange constitutes legal tender is both implausible and a legal conclusion that should not be credited. (Mot. at 3–5; Reply at 3–8.) Plaintiff responds that the Court must not determine whether his payment was, in fact, legal. Rather, Plaintiff contends that his claims are supported by factual allegations that must be credited at this stage. (Resp. at 1–2; Sur-Reply II at 1). He otherwise does not provide any legal argument or authority to support his theory that a bill of exchange is a valid payment for goods.

. . .

A bill of exchange is "an unconditional written order by one person to another, signed by the maker, requiring the person addressed to pay to a third party a specified sum on demand or at a fixed or ascertainable future time." Black's Law Dictionary (10th ed. 2014). As applied here, Plaintiff is the maker of the Bill of Exchange that orders some unknown person or institution to pay Defendant in the amount of $310,595.00. Plaintiff concludes, both in his First Amended Complaint and his briefing, that this Bill of Exchange is a valid form of payment for a vehicle. (*See* FAC ¶¶ 2–3; Resp. at 2; Sur-Reply II at 1–2.) Plaintiff's own allegations about his Bill of Exchange reveal how implausible his legal theory is. He alleges that his Bill of Exchange is "backed by registered bond RF-822," which would make it *conditional* on the bond value or maturity. But bills of exchange are *unconditional* orders from the payor (*e.g.*, Plaintiff) to a person or institution to pay an amount certain to the payee (*e.g.*, Defendant).

Moreover, even if a bill of exchange could be collateralized, courts across the country have rejected that "bills of exchange" qualify as valid legal tender to extinguish a contractual obligation. *Sanders v. MTC Fin. Inc.*, No. CV-22-00066-TUC-SHR, 2022 WL 2665952, at *4 (D. Ariz. July 11, 2022) (dismissing a claim that an international bill of exchange constituted legal tender to satisfy a loan); *Lewis v. Synchrony Bank*, No. 2:24-CV-00110-DAD-JDP, 2024 WL 3494175, at *5 (E.D. Cal. July 22, 2024), *report and recommendation adopted*, No. 2:24-CV-00110-DAD-JDP (PS), 2024 WL 3758615 (E.D. Cal. Aug. 12, 2024) (collecting cases); *see also De Wolf v. Rabaud*, 26 U.S. 476, 490 (1828) ("No instrument in the form of a bill of exchange, was ever held to be negotiable, unless in some substantial form made payable to order on the face of it."); *Hennis v. Trustmark Bank*, No. CIV.A.210CV20KSMTP, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) (collecting cases and noting that "the U.S. Treasury warns of bogus bills of exchange drawn on the U.S. Treasury noting that 'all these Bills of Exchange drawn on the U.S. Treasury are worthless.'") (citation omitted); *Wiley v. Cadillac of Las Vegas*, No. CV 2:24-2716, 2025 WL 1207157, at *2 (E.D. La. Apr. 25, 2025) ("Courts have unanimously found

IBOEs and similar forms to be worthless documents of the payor's own creation and have consistently dismissed these claims.").

Because the theory that a Bill of Exchange can satisfy a payment obligation is implausible, Plaintiff could not have performed under the purported sale contract by offering this invalid form of payment. Therefore, Plaintiff's breach of contract claim fails. Similarly, his claims that Defendant unlawfully rejected tender of payment, is liable for conversion of the vehicle by selling it, and was unjustly enriched by retaining the benefits of the sale, all fail because it is implausible that Plaintiff's purported tender was valid or that he had any legal interest in the vehicle.

Plaintiff's theory that Defendant "dishonored" the Bill of Exchange is also not supported by the law. "Dishonor" of a bill of exchange, which is a "draft" or "order" under A.R.S. § 47-3104(E), occurs when the person or entity ordered to make the payment (known as the "drawee" under A.R.S. § 47-3103) fails to pay the amount ordered or does not accept the order to pay. *See* A.R.S. § 47-3502(B). According to Plaintiff's allegations, Defendant's obligation here was not one of a "drawee"—that would be reserved for the person or institution that held Plaintiff's purported funds that he ordered to be paid to Defendant. Rather, Defendant's obligation was to deliver the vehicle, but that obligation never came to pass because Plaintiff did not tender legal payment.

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). This is especially true of *pro se* pleadings. In general, *pro se* litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Ninth Circuit is "very cautious in approving a district court's decision to deny pro se litigants leave to amend." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 977 (9th Cir. 2002). However, even *pro se* pleadings are subject to dismissal without leave to amend where amendment would be futile. *Id.* The Ninth Circuit has

approved the dismissal of *pro se* pleadings without leave to amend. *See, e.g.*, *McZeal v. JPMorgan Chase Bank, N.A.*, 735 F. App'x 913, 917 (9th Cir. 2018).

This case presents the rare circumstance where it is appropriate to dismiss a *pro se* pleading without affording leave to amend. Plaintiff's legal theory that a bonded International Bill of Exchange constitutes valid legal payment for a vehicle is meritless, and it is this legal theory that serves as the predicate for all of his claims. *See Sanders*, 2022 WL 2665952, at *5 (dismissing claims based on a similar theory without leave to amend).

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss Amended Complaint (Doc. 28) without leave to amend.

**IT IS FURTHER ORDERED** denying as moot Defendant's Motion to Strike Documents 31 and 33 (Doc. 34).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to close this matter.

Dated this 18th day of May, 2026.

Honorable John J. Tuchi
United States District Judge